UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,             Criminal Case No. 3:07-CR-00093-08-KI

             Plaintiff,             OPINION AND ORDER

                    v.

**JOHNNY RAY BROWN**,

             Defendant.


        S. Amanda Marshall
        United States Attorney
        District of Oregon
        Scott M. Kerin
        Assistant United States Attorney
        1000 SW Third Avenue, Suite 600
        Portland, Oregon  97204-2902

            Attorneys for the United States of America

Johnny Ray Brown
Fed. Red. No. 70295-065
Federal Correctional Institution
3600 Guard Road
Lompoc, California  93436-2705

    Pro Se Defendant


King, Judge:

    Defendant Johnny Ray Brown seeks a reduction of his 78-month concurrent sentence of imprisonment I imposed on the two counts to which he pled guilty.  Pending before me is Brown's *pro se* Motion for a Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [508].  I deny the motion.

## BACKGROUND

    Brown pled guilty to the third count of a Second Superseding Indictment, charging him with knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture and substance which contained cocaine base.  He also pled guilty to the fourth count charging him with being a felon in possession of a firearm.  In his plea agreement, Brown agreed that an 82-month sentence, which represented an upward variance from the 63 to 78-month guideline range, was appropriate.  The upward variance was "designed to account for defendant's drug dealing activities which were reflected in wire intercepts."  Plea Agmt. 3.

    The guideline range for the two counts[1] was calculated as follows:  Brown was held accountable for 33.3 grams of crack cocaine, which was the amount police seized from his home, resulting in a Base Offense Level of 26.  Brown possessed a firearm, which he stored in a safe

---

    [1]The counts were grouped together and the base offense level was determined by U.S.S.G. § 2D1.1 pursuant to U.S.S.G. § 3D1.2(d).

Page 2 - OPINION AND ORDER

with the crack cocaine, resulting in a two-level increase.  He received a two-level reduction for

acceptance of responsibility.  His Total Offense Level, then, was 26 with a Criminal History

Category I, resulting in an advisory guideline range of 63 to 78 months.  I imposed a 78-month

concurrent sentence on the two counts.

## DISCUSSION

Brown relies on the Sentencing Commission's crack cocaine guideline amendments

implemented after passage of the Fair Sentencing Act of August 2010 and recently made

retroactive.  Specifically, part A of Amendment 750 changed the offense levels in U.S.S.G.

§ 2D1.1 for crack cocaine offenses.

The statute on which Brown relies provides that the Court "may reduce a term of

imprisonment, . . . if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In U.S.S.G. § 1B1.10, the Sentencing

Commission set out its policy in addressing a reduction of imprisonment as a result of an

amended guideline range, reiterating that the Court "may reduce the defendant's term of

imprisonment as provided by 18 U.S.C. § 3582(c)(2)," but that "any such reduction in the

defendant's term of imprisonment shall be consistent with this policy statement."  U.S.S.G.

§ 1B1.10(a)(1).  Importantly,

> (2)    Exclusions.—A reduction in the defendant's term of imprisonment is not
> consistent with this policy statement and therefore is not authorized under
> 18 U.S.C. § 3582(c)(2) if—
>
> . . . .
>
> (B)    an amendment listed in subsection (c) does not have the effect of
> lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).

The Supreme Court has also explained the two steps the Court must follow in applying

Section 1B1.10.

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon v. United States, 130 S. Ct. 2683, 2691-92 (2010).

Complying with the Supreme Court's and Sentencing Commission's directives, I first

consider Brown's amended guideline range under the new sentencing guidelines effective

November 1, 2011. On Count 3, for possessing 33.3 grams of crack cocaine, he remains in Base

Offense Level 26. See U.S.S.G. § 2D1.1(a)(5) and Drug Quantity Table (c)(7) (Base Offense

Level 26 for possessing at least 28 grams but less than 112 grams of cocaine base). As a result,

Brown's amended guideline range is no different from the one in effect at the time I sentenced

him in 2009. Furthermore, Brown's concurrent sentence of 78 months' imprisonment for

Page 4 - OPINION AND ORDER

possessing a firearm charged in Count 4 remains unaffected by the guideline amendments.  As a result, I deny Brown's motion.

**CONCLUSION**

For the reasons set forth above, I deny Brown's Motion for a Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [508].

IT IS SO ORDERED.

DATED this _____7th_____ day of December, 2011.


                                             /s/ Garr M. King_____
                                             Garr M. King
                                             United States District Judge